**J. C. A. TRADING CORP.,** Landlord, Appellant, *v.* MORRIS MEISELS et al., Tenants, Respondents.

Supreme Court, Appellate Term, First Department, May 28, 1947.

*L. Reyner Samet* for appellant.

*Charles J. Herson* for respondents.

SHIENTAG, J. The landlord brought this dispossess proceeding to obtain possession of commercial space occupied by the tenants as statutory month-to-month tenants. The proceeding was commenced February 1, 1947, pursuant to subdivision (d) of section 8 of chapter 3 of the Laws of 1945, as amended by chapter 315 of the Laws of 1945 and as amended by chapter 272 of the Laws of 1946. A thirty-day notice of termination was served on December 31, 1946.

At the conclusion of the case the Trial Justice granted tenants' motion to dismiss the petition, and directed a final order for the tenants on the ground that the landlord had failed to prove that it had an equity of 25% in the building as of the date of purchase in July, 1944.

This ruling raises the question as to the date on which the landlord must have a 25% equity in the property in order to satisfy the requirements of the Commercial Rent Law as to qualification to institute proceedings. The appellant concedes that on this point the ruling below was erroneous, but urges that the date for determining the existence of a 25% equity is January 24, 1945. That date is fixed in the Commercial Rent Law as the time when the commercial rent statute became effective and governs the retroactive aspect of the legislation.

The tenant purchased the building on July 25, 1944. The purchase price was $60,000, of which $12,000 was paid in cash. A purchase-money mortgage was given for $48,000. Thereafter payments were made on account of the mortgage and at the time of the institution of the dispossess proceedings the unpaid balance on the mortgage was $44,181.87. The evidence establishes that, at the time of the purchase, the landlord's equity was under 25%; it was also under 25% on January 24, 1945; but at the time of the commencement of the present dispossess proceeding the equity was in excess of 25%. It is also clear from the evidence that at the time the dispossess proceeding was brought the landlord had at least a 50% investment in the business that was proposed to be carried on.

Subdivision (d) of section 8 of the Law provides as ground for removal of a tenant from possession that the landlord seeks in good faith to recover possession of the commercial space for his immediate and personal use, if such landlord " * * * shall have an equity in the property of not less than twenty-five per centum of the purchase price * * *." There is no limitation specified in the statute to the effect that the 25% equity must have been acquired at the date of purchase or on

or before January 24, 1945. Such a restriction would serve no useful purpose.

The purpose of the rent law is to make sure that at the time of bringing the proceeding the landlord has a substantial interest. The decision in an earlier dispossess proceeding that the landlord at that time did not have a 25% equity in the property, is not *res judicata* and does not bar a subsequent proceeding at a time when the jurisdictional requirements have been met.

The final order should be reversed, with $30 costs, and final order directed in favor of the landlord as prayed for in the petition, with costs. Appeal from order dismissed.

(On reargument, June 16, 1947.)

On reargument final order reversed and a new trial ordered, with $30 costs to appellant to abide the event. Appeal from order dismissed.

McLaughlin and Hecht, JJ., concur.

Order reversed, etc.